WO                                                                            MH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Schlienz, | No. CV 19-08071-PCT-MTL (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

On March 11, 2019, Plaintiff James Schlienz, who is confined in the Arizona State Prison Complex-Winslow, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. In a March 15, 2019 Order, the Court gave Plaintiff 30 days to either pay the required filing and administrative fees or file an in forma pauperis application. On March 25, 2019, Plaintiff filed an Application to Proceed In Forma Pauperis. In a May 30, 2019 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On July 10, 2019, Plaintiff filed a First Amended Complaint. On August 14, 2019, he filed a Second Amended Complaint. On October 2, 2019, he filed a Motion to Waive Filing Fees. In an October 8, 2019 Order, the Court dismissed the Second Amended Complaint because Plaintiff had failed to state a claim and denied the Motion to Waive

Filing Fees. The Court gave Plaintiff 30 days to file a third amended complaint that cured the deficiencies identified in the Order.

After receiving an extension of time on December 19, 2019, Plaintiff filed his Third Amended Complaint (Doc. 18) on January 13, 2020. The Court will dismiss the Third Amended Complaint and this action.

**I.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

. . . .

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.     Third Amended Complaint**

In his Third Amended Complaint, Plaintiff asserts a single count, alleging that his Eighth Amendment rights were violated. He names Arizona Department of Corrections Interim Division Director of Health Services Richard Pratt as the sole Defendant and seeks damages, costs, and attorney's fees.

Plaintiff alleges that in 2019, Registered Nurse Terry used too much pressure while cleaning Plaintiff's ears and "blew [his] ear drum," resulting in pain, suffering, and a loss of hearing that has required him to use a hearing aid.[1] Following the procedure, Terry allegedly stated, "I was never trained to do this procedure, and I have only done it on two other occasions." According to Plaintiff, Defendant Pratt is responsible for the hiring and proper training of medical staff.

**III.    Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

. . . .

---

[1] Although Plaintiff does not identify the precise date on which this incident occurred, he stated in his Second Amended Complaint that it occurred on February 15, 2019.

To state a claim for failure to train or failure to supervise, a plaintiff must allege facts to support that the alleged failure amounted to deliberate indifference. *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998). A plaintiff must allege facts to support that not only was particular training or supervision inadequate, but also that such inadequacy was the result of "a 'deliberate' or 'conscious' choice" on the part of the defendant. *Id.* at 1213-14; *see Clement v. Gomez,* 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is [so] obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy[]makers . . . can reasonably be said to have been deliberately indifferent to the need." (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989))). A plaintiff must also show a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations omitted).

Here, Plaintiff has failed to adequately allege that Terry's conduct was the result of deliberately indifferent conduct on the part of Defendant Pratt. Although Pratt was allegedly "responsible for the hiring and training of medical staff," there are no allegations to suggest that he knew Terry was performing the ear-cleaning procedure in question or had any reason to be aware of Terry's deficiencies in this area. Plaintiff does not allege, for example, that Terry had injured other inmates and that those inmates had filed grievances reviewable by Defendant Pratt. In the absence of any facts showing that Terry's purported training deficiencies were obvious or otherwise known to Pratt, Plaintiff cannot state a claim for relief against this Defendant for failure to train. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (conclusory and vague allegations will not support a cause of action). Accordingly, Plaintiff has failed to state a claim against Pratt.

**IV. Dismissal Without Leave to Amend**

Because Plaintiff has failed to state a claim in his Third Amended Complaint, the Court will dismiss his Third Amended Complaint. "Leave to amend need not be given if

a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Third Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Third Amended Complaint (Doc. 18) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 1st day of April, 2020.

Michael T. Liburdi
United States District Judge